# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BILL RINGBAUER, DEBORA BUCZEK, and JOHN CLEMENS** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **SID HEBERT, as the duly elected Sheriff for the Parish of Iberia** | **MAGISTRATE JUDGE:** |
| | **JURY DEMANDED** |

_____

## COMPLAINT
_____

**NOW COMES AND APPEARS**, Bill Ringbauer, Debora Buczek, persons of the full age of majority and domiciled in the Parish of Ibeira, State of Louisiana, and John Clemens, a person of the full age of majority and domiciled in the State of Indiana, who respectfully represent:

1.

Made defendant herein is:

(a) **SID HEBERT, as the duly elected Sheriff for the Parish of Iberia**, upon information and belief, a person of the full age of majority and domiciled in the Parish of Iberia, State of Louisiana, who can be served at his place of employment at 300 Iberia Street, Suite 120, New Iberia, LA 70560.

2.

This court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs' claims arise under federal law, that being the 4th Amendment of the United States Constitution and 28 U.S.C. § 1983.  This court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.

On or about July 17, 2007, Bill Ringbauer, Debora Buczek, and John Clemens were in their apartment at 525 E. Main Street, Apt. 4, in New Iberia, Louisiana, when they were awoken by police officers with the Iberia Parish Sheriff's Department.

4.

As Bill Ringbauer walked out of his apartment to see what was going on, police officers had lasers on him and were yelling at him, "Where's apartment 2?"  Bill Ringbauer informed these police officers that Apartment 2 was downstairs and that he lives in Apartment 4.  At this time Plaintiffs had guns pointed at them and were told that if they moved they would be shot.

5.

Suddenly, without any reason or probable cause, police officers with the Iberia Parish Sheriff's Department ordered Bill Ringbauer, Debora Buczek, and John Clemens out of their apartment, handcuffed them, and kneeled them down on the ground. In fact, Debora Buczek was grabbed by a police officer and physically thrown on the ground.

6.

After Plaintiffs were handcuffed outside of their apartment, police officers with the Iberia Parish Sheriff's Department went inside Plaintiffs' apartment and began thoroughly searching this apartment, without a warrant, without permission, and without any probable cause.

7.

After these police officers searched Plaintiffs' apartment, Bill Ringbauer, Debora Buczek, and John Clemens were all taken to the police station, where they remained handcuffed in their underwear for approximately two hours.

8.

After searching Plaintiffs' apartment, the Iberia Parish Sheriff's Department confiscated Plaintiffs' cell phones.  John Clemens' cell phone has still not been returned to him since this unlawful search and seizure.

9.

Upon information and belief, the Iberia Parish Sheriff's Department was dispatched to these apartment complexes because of a prank 911 call.  Apparently, the prank caller stated that his name was Jerome, that he lived at 525 E. Main Street, Apt. 2, and that someone had broken into his apartment and he had shot them.

10.

At the time of this incident, Plaintiffs resided at 525 E. Main Street, Apt. 4.  This Apartment number 4 was clearly visible on Plaintiffs' door and there is no way to confuse this apartment with Apartment 2.

11.

There was absolutely no basis for law enforcement officers to search Plaintiffs' apartments and seize their cell phones.  There was also absolutely no basis to place Plaintiffs in handcuffs and bring them to the police station where they were not free to leave.

12.

Upon information and belief, one police officer with the Iberia Parish Sheriff's Department informed Plaintiffs that the police felt they needed to raid someone that night to get practice and that Plaintiffs were the ones they picked.

13.

The prank 911 phone call was not traced to any of the Plaintiffs' cell phones and there is absolutely no evidence, nor was there ever any evidence to suggest that Plaintiffs were involved with this prank phone call.

14.

Furthermore, Detective John Crader, with the Iberia Parish Sheriff's Department, apologized to Plaintiffs for what they had been through that night.

15.

No charges were ever made against any of the Plaintiffs regarding this prank 911 phone call that was placed on the night of the incident made subject of this suit.

16.

Sid Hebert, as the duly elected Sheriff for the Parish of Iberia is liable, both under the 4th Amendment of the United States Constitution and Louisiana state law, unto Plaintiffs for the unlawful search and seizure of Plaintiffs and their property on the night of the incident made subject of this suit.

17.

Sid Hebert, as the duly elected Sheriff for the Parish of Iberia,  is also liable to Plaintiffs for their custom or policy of failing to properly train police officers and/or inadequately supervise police officers, which violates 28 U.S.C. § 1983 and is deemed negligence under Louisiana law.

18.

As a direct and proximate result of the said incidents by the defendant, plaintiff, Bill Ringbauer, suffered the following injuries and damages:

     (a)     Loss of physical liberty;

     (b)     Any and all damages as a result of the illegal search and seizure against plaintiff as a result of the incident described above;

     (c)     Past, present and future mental anguish and emotional distress in an amount reasonable in the premises;

     (d)     Past, present and future loss of enjoyment of life; and

     (e)     Past, present and future humiliation and embarrassment for the incident described above.

19.

As a direct and proximate result of the said incidents by the defendant, plaintiff, Debora Buczek, suffered the following injuries and damages:

     (a)     Loss of physical liberty;

     (b)     Any and all damages as a result of the illegal search and seizure against plaintiff as a result of the incident described above;

     (c)     Past, present and future mental anguish and emotional distress in an amount reasonable in the premises;

     (d)     Past, present and future loss of enjoyment of life; and

     (e)     Past, present and future humiliation and embarrassment for the incident described above.

20.

As a direct and proximate result of the said incidents by the defendant, plaintiff, John Clemens, suffered the following injuries and damages:

     (a)     Loss of physical liberty;

     (b)     Any and all damages as a result of the illegal search and seizure against plaintiff as a result of the incident described above;

     (c)     Past, present and future mental anguish and emotional distress in an amount reasonable in the premises;

(d)      Past, present and future loss of enjoyment of life; and

(e)      Past, present and future humiliation and embarrassment for the incident described above.

**WHEREFORE**, plaintiffs, Bill Ringbauer, Debora Buczek, and John Clemens, pray that this petition be filed and that defendant, Sid Hebert, as the duly elected Sheriff for the Parish of Iberia, be duly cited to appear and answer herein; that upon final trial hereof, that there be judgment rendered herein in favor of the plaintiffs and against the defendant in all amounts just and reasonable under the premises together with pre and post judgment interest at the legal rate allowed by law from the date of filing, all costs of said proceedings, attorney's fees and all further relief at law and equity to which the plaintiffs may show themselves to be justly entitled.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Post Office Drawer 5250
Lafayette, Louisiana 70502-5250
Telephone:  (337) 234-7573
Facsimile:  (337) 233-3890


s/L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
**LAUREN K. LEDET** (30595)
Attorneys for Plaintiffs