UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| BILL RINGBAUER | * | CIVIL ACTION NO. 08-0115 |
|---|---|---|
| VERSUS | * | JUDGE MELANÇON |
| SID HEBERT, ET AL | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION
### ON MOTION DISMISS

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by defendant, Sheriff Sidney Hebert ("Hebert"), on June 17, 2008. [rec. doc. 9]. Plaintiffs, Bill Ringbauer, Debora Buczek, and John Clemens ("Ringbauer"), filed opposition. Hebert filed a reply. The motion was heard on July 16, 2008. For the reasons set out below and given in open court, it is recommended that the motion be **DENIED**.

### Background

Plaintiffs, Bill Ringbauer, Debora Buczek, and John Clemens, brought this civil rights action against defendant, Hebert, the Sheriff of Iberia Parish. Ringbauer did not indicate whether Hebert was being sued in his individual or official capacity. In the Answer, Hebert asserted the defense of qualified immunity. [rec. doc. 3, ¶¶ 11, 12].

On May 20, 2008, the Court ordered that the plaintiff file a F.R.Civ.P. 7(a) reply to the qualified immunity defense pled by Hebert. [rec. doc. 7]. Ringbauer filed a response to the Order on June 6, 2008. [rec. doc. 8]. On June 17, 2008, Hebert filed the instant Motion to Dismiss on the grounds that plaintiffs' 7(a) response was insufficient.

On July 16, 2008, a hearing on the motion was held in open court. After hearing the arguments of counsel, the undersigned recommends that the motion be **DENIED**, as relief under Rule 7(a) was procedurally improper. This motion is, in essence, a motion to dismiss. A motion to dismiss must be brought pursuant to Rule 12(b), and may not be brought pursuant to Rule 7(a), F.R.Civ.P.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 16th day of July, 2008, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE